**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Westel Sedgwick, ) | No. CV-11-8073-PCT-FJM |
| ) Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) United States Department of Justice, ) | |
| ) Defendant. ) | |
| ) | |

The court has before it defendant's motion for summary judgment (doc. 15), plaintiff's response (doc. 17), and defendant's reply (doc. 20).

Plaintiff filed a claim under the "downwinder" provision of the Radiation Exposure Compensation Act, Pub. L. No. 101-426, 104 Stat. 920 (1990) ("RECA"), which provides compensation to individuals or surviving family members who were exposed to radiation during specific events and who thereafter contracted certain diseases. To be eligible for benefits, a downwinder must establish (1) that he was physically present in an "affected area" designated by statute for a minimum required period of time during a period of atmospheric nuclear testing, and (2) that he contracted a statutorily designated disease. RECA § 4; 28 C.F.R. § 79.4. The physical presence requirement can be met by being physically present in the affected area "for the entire, continuous period beginning on June 30, 1962, and ending on July 31, 1962. 28 C.F.R. § 79.22(a)(2). "Physically present" means "present for a substantial period of each day." Id. § 79.11(i). "Proof of physical presence may be made by the submission of any trustworthy contemporaneous record that . . . establishes that the

1 claimant was present in the affected area for the requisite period during the designated time
2 period." Id. § 79.13(a). The claimant, or the surviving beneficiary, "bear[s] the burden of
3 providing evidence of the existence of each element necessary to establish eligibility." Id.
4 § 79.4(a). Claims under the RECA are filed with the Department of Justice (DOJ). Once the
5 administrative appeal is completed, an aggrieved claimant may seek judicial review in district
6 court. Id. § 79.73(e).

7   Plaintiff filed a claim as a surviving beneficiary on behalf of his father, Samuel
8 Sedgwick. He claimed that his father was exposed as a downwinder because he was present
9 in Coconino and Yavapai Counties from June 30, 1962 to July 31, 1962, and thereafter
10 developed lung cancer. Plaintiff stated on his claim form that,

> "Family weekends + holidays from [6/30/62 - 7/31/62] were spent at Junipine cabins. Family lived in Phoenix after moving from Milwaukee, WI in 1958. The family did not physically live in Sedona but drove there from Phoenix during the time frame on weekends, etc."

Admin. Record 46 (emphasis in original). He also wrote that "Family visited Prescott Downs + Black Canyon Greyhound Park on weekends, both in Yavap[a]i County." Id. Finally, he described "Mayhew's Oak Creek Lodge," although he did not indicate its significance on the claim form. Id.

The DOJ notified plaintiff that his claim was deficient in establishing his father's presence in an affected area during the statutory period, noting that the claim form indicated that his father only spent weekends and holidays in the affected area, not the entire period as required. The DOJ gave plaintiff an opportunity to correct the deficiency. Plaintiff responded by furnishing a description of the history and cultural significance of Mayhew's Oak Creek Lodge and a compilation of home videos. Admin. Record 25-34. However, the description of Mayhew's Lodge and the home videos provide no evidence as to Samuel Sedgwick's physical presence in the affected area during the relevant time frame. Accordingly, the DOJ issued a final decision denying his claim. This appeal followed.

We will set aside an agency decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A decision will

1 be reversed as arbitrary and capricious "only if the agency relied on improper factors, entirely
2 failed to consider an important aspect of the problem, or offered an explanation that runs
3 counter to the evidence before the agency or is so implausible that it could not be ascribed
4 to a difference in view or the product of agency expertise." <u>Ursack Inc. v. Sierra Interagency</u>
5 <u>Black Bear Group</u>, 639 F.3d 949, 956 (9th Cir. 2011).

6 Plaintiff submitted three pieces of evidence. The history of Mayhew's Lodge makes
7 no reference to Samuel Sedgwick's visits. The home video includes one image of a sign
8 stating "Coconino National Forest." There is no other reference to time, place, or Samuel
9 Sedgwick's presence in the affected area. Finally, the claim form, stating that the family
10 spent only weekends and holidays in the affected area during the relevant time frame,
11 defeats, rather than bolsters, plaintiff's claim. As such, plaintiff's own sworn statements
12 establish that his father was not present in the affected area as required by the RECA.
13 Therefore, the DOJ's determination that plaintiff failed to establish Samuel Sedgwick's
14 physical presence in Coconino or Yavapai Counties during June 30, 1962 to July 31, 1962,
15 was not arbitrary, capricious, an abuse of discretion, or otherwise unlawful.

16 Plaintiff appears to challenge the constitutionality of "having to produce records of
17 his father's 30 day stay in 1962," <u>Reply</u> at 3, but he fails to show that he was either denied
18 adequate procedural protections or that there is no rational basis for the RECA regulations.
19 See, e.g., <u>Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.</u>,
20 644 F.3d 934, 943 (9th Cir. 2011). The decision of the DOJ denying plaintiff's claim is
21 affirmed.

22 **IT IS ORDERED GRANTING** the DOJ's motion for summary judgment (doc. 15).
23 DATED this 18th day of November, 2011.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge